# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. CORTEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US, LLC,<br><br>    Defendant. | Case No. 1:20-cv-00597-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>ORDER ADMONISHING PARTIES FOR FAILURE TO RESPOND DIRECTLY TO ORDER TO SHOW CAUSE<br><br>(ECF Nos. 20, 21) |

On January 15, 2021, a notice of settlement was filed in this matter and the parties were ordered to file dispositional documents within thirty days. (ECF Nos. 13, 14.) On February 9, 2021, and March 15, 2021, the parties filed a joint status reports seeking additional time to file dispositive documents and the deadline was extended. (ECF Nos. 15, 16, 17, 18.) On March 16, 2021, the parties were ordered to file dispositional documents on or before May 14, 2021. (ECF No. 19.) The deadline for dispositional documents to be filed expired without the parties filing dispositional documents or otherwise responding to the March 16, 2021 order. Accordingly, on May 28, 2021, the Court issued an order requiring the parties to show cause in writing why

1

1 sanctions should not issue for the failure to comply with the March 16, 2021 order, and for the failure to file dispositional documents despite being provided four months to finalize the settlement. (ECF No. 20.)

On May 28, 2021, the parties filed a stipulation of dismissal. (ECF No. 21.) The stipulation filed on May 28, 2021, voluntarily dismisses this action with prejudice and with each party to bear its own costs and fees. (ECF No. 21.) In light of the stipulation of the parties, this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997), and has been dismissed with prejudice and without an award of costs or attorneys' fees.

However, the parties did not in any respect directly respond to the Court's order to show cause in writing why sanctions should not issue, and did not submit any explanation as to the parties' failure to file dispositional documents by the ordered deadline, despite the granting of multiple extensions. While a further order to show cause could issue due to such failure, because the parties promptly filed the stipulation of dismissal on the same day that the order to show cause issued, the Court shall discharge the order to show cause without requiring a further submission by the parties. Nonetheless, counsel for both parties are admonished and should be mindful that the Court will not be inclined to accept such disregard of the Court's order in future matters without further addressment by the parties.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties are admonished for the failure to directly respond to the order to show cause in writing and the May 28, 2021 order to show cause is DISCHARGED; and

///
///
///
///
///
///

2

2. The Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated: **June 3, 2021**

UNITED STATES MAGISTRATE JUDGE